THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

TERESA BLOODMAN                                                    PLAINTIFF

v.                          CASE NO.: 4:16-cv-773-SWW

BANK OF AMERICA, N. A.,                                          DEFENDANTS
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
a subsidiary of MERSCORP, INC.,
as Nominee and Mortgagee for
One Bank and Trust, an Arkansas
Corporation; COUNTRYWIDE HOME LOANS;
ONE BANK AND TRUST;
CARRINGTON MORTGAGE

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Bank of America, N.A. ("BANA"); Carrington Mortgage Services, LLC

("Carrington"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and

Countrywide Home Loans, Inc. ("Countrywide") (collectively, "Defendants")

pursuant to Federal Rule of Civil Procedure 12(b)(6), appear and jointly file this

Brief in Support of Defendants' Motion to Dismiss  seeking an order from this Court

dismissing the Complaint filed by plaintiff Teresa Bloodman ("Plaintiff" or "Ms.

Bloodman") because Plaintiff's Complaint is barred by the doctrine of *res judicata*

and/or collateral estoppel and because it is otherwise not actionable as a matter of

law.

## I.    FACTUAL BACKGROUND

The matter relates to a $203,500.00 promissory note (the "Note") executed

by Plaintiff on October 2, 2009,[1] and secured by a Deed of Trust on real property located at 5528 Lexington Ave, Benton, Arkansas 72019 (the "Property").[2] The Deed of Trust was recorded by the Saline County Circuit Clerk on October 16, 2009, [3] and named MERS as its beneficiary.[4]

MERS assigned the Deed of Trust to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BANA") in an Assignment of Deed of Trust dated September 13, 2011 and recorded on October 19, 2011.[5] Carrington Mortgage Services, LLC ("Carrington") began servicing the loan in May of 2013 on behalf of BANA.[6]

## II.      PROCEDURAL BACKGROUND

### A. The Foreclosure Case

1.      Following a default on the loan, BANA filed a foreclosure complaint against Teresa Bloodman on July 15, 2014 in the Circuit Court of Saline County,

---

[1] In ruling on a Rule 12(b)(6) motion to dismiss, a court may consider documents that are part of the public record as well as "materials that are 'necessarily embraced by the pleadings.'" *Clough v. Countrywide Home Loans, Inc.*, No. 1:08-CV-00053-BSM, 2008 WL 5263385, at *2 (E.D. Ark. Dec. 17, 2008). Here, Plaintiff's Complaint refers to the debt, Note, Assignment, and Deed of Trust. Plaintiff also attached portions of the Deed of Trust and Assignment to the Complaint. Additionally, the Complaint references the previous Foreclosure Case, and the Orders and Decree associated with that case are public records and are embraced by these pleadings. Thus, these documents are properly before the Court. Portions of the prior case record are attached hereto for convenience. Even were the Court to disregard those documents, however, Defendant's Motion to Dismiss should still be granted.

[2] A copy of the Deed of Trust is attached as "Exhibit 1" to the Complaint.

[3] "Exhibit 1" to the Complaint.

[4] *Id.*

[5] "Exhibit 3" to the Complaint.

[6] "Exhibit 4" to the Complaint.

1353920-v1

Arkansas (Case No. 63CV-14-415-2, hereinafter "The Foreclosure Case").[7]

2.    In the Foreclosure Case, BANA sought a $200,137.59 judgment against the Property *in rem* and Ms. Bloodman *in personam* for the amount remaining on the Note.

3.    After Ms. Bloodman failed to make an appearance, a Decree of Reformation and Foreclosure ("the Foreclosure Decree") was signed by the Court and recorded on December 29, 2014.[8]

4.    The Foreclosure Decree stated, in part, that if the balance of the Note, plus interest and attorneys' fees, was not paid within 10 days, the Commissioner of the Court shall sell the Property at public auction to the highest bidder.[9]

5.    Moreover, the Foreclosure Decree stated that after said sale, all the right, title, claim, equity, interest, and estate of all Defendants to the subject property shall be forever barred and foreclosed.[10]

6.    On January 12, 2015, Ms. Bloodman appeared for the first time by filing a Motion to Set Aside the Default Judgment, To Dismiss, and to Stay All Proceeding and/or Sale of the Property ("First Motion to Set Aside Judgment").

7.    The Court denied Ms. Bloodman's First Motion to Set Aside Judgment

---

[7] This case is directly referenced in Plaintiff's Complaint at p. 4 and is also a matter of public record for which this Court may take judicial notice.

[8] The Decree is attached the Motion to Dismiss as **Exhibit 1.**

[9] *Id.*

[10] *Id.* The Decree also reformed a scrivener's error in the spelling of the word "Hurricane" in the legal description of the Property.  Originally, the Deed of Trust and Assignment of Deed of Trust contained the spelling "Hurrican." Plaintiff once again mentions this misspelling in her Complaint in the current case, but these issues have been resolved and corrected by the Decree.

on March 13, 2015.

8.      Ms. Bloodman filed a Notice of Appeal on March 16, 2015, challenging both the Foreclosure Decree, and the Order denying the First Motion to Set Aside Judgment.  The Arkansas Court of Appeals ultimately denied Ms. Bloodman's petition for rehearing on March 16, 2016, [11] and affirmed the Circuit Court decision in a Mandate filed on June 23, 2016 (Court of Appeals Case No. CV-15-343).[12]

9.      The Supreme Court of Arkansas denied Ms. Bloodman's petition for review on June 23, 2016.[13]

10.     The Property was sold at public auction to the highest bidder on September 14, 2016.

11.     The Circuit Court entered an Order of Confirmation on September 20, 2016, confirming that the sale of the Property was "legally proper in all respects."[14]

12.     On October 6, 2016, Ms. Bloodman filed: (1) an Amended Motion to Set Aside Commissioner's Sale; (2) a Motion to Set Aside Order of Confirmation; (3) a Motion to Strike Report of Foreclosure Sale; and (4) a Motion to Set Aside

---

[11] The letter from the Clerk of the Arkansas Court of Appeals addressed to Ms. Bloodman denying the Petition for Rehearing is attached the Motion to Dismiss as **Exhibit 2.**

[12] The Mandate is attached to the Motion to Dismiss as **Exhibit 3.**

[13] The letter from the Clerk of the Arkansas Supreme Court addressed to Ms. Bloodman denying the petition for review is attached to the Motion to Dismiss as **Exhibit 4.**  Ms. Bloodman appealed several aspects of this case to the Arkansas Supreme Court as well as the Court of Appeals, all of which were unsuccessful. The Dockets from each Court are collectively attached hereto as **Exhibit 5.**  These documents are public records associated with the previous case that are referenced in Plaintiff's *Complaint.*

[14] The Order of Confirmation is attached as **Exhibit 6.**

4

Commissioner's Deed (collectively "Post Appeal Motions").[15] These Post Appeal

Motions echo the same causes of action that Ms. Bloodman advances in the current

action.[16]

## B. The Current Action

13.     Ms. Bloodman filed her Complaint in this action on September 14,

2016.

14.     Ms. Bloodman's current Complaint involves the same set of facts and

circumstances as the Foreclosure Case.

15.     In her Complaint, Ms. Bloodman seeks relief that revolves solely

around the facts and circumstances relating to the foreclosure sale of the Property—

entitlement to foreclose upon the loan and exercise the power of sale. Specifically,

Ms. Bloodman requests relief for declaratory judgment, breach of contract, breach of

duty of good faith, quiet title, and damages.[17]

16.     This Court should dismiss Plaintiff's Complaint, with prejudice,

because it fails to state a claim on which relief can be granted, as it violates the

doctrines of *res judicata* and/or collateral estoppel.

## III.     STANDARD OF REVIEW

It is well-established that a plaintiff's petition must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief," so that

---

[15] Plaintiff's Post-Appeal Motions are collectively attached as **Exhibit 7**.  For brevity, the exhibits originally attached to the Post-Appeal Motions have been omitted.

[16] For instance, in her Amended Motion to Set Aside Commissioner's Sale, Ms. Bloodman asserts that the mortgage and note are invalid.  The same claim is "cut and pasted" in this case as her Fifth Cause of Action.

[17] Pl. *Complaint,* at 1.

the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." FED. R. CIV. PROC. 8(a) *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Further, the factual allegations in a petition "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In practice, "a [petition] . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 556.

## IV.    LAW AND ARGUMENT

### A. Plaintiff's Complaint is Barred by the Doctrine of *Res Judicata*

This Court should dismiss Plaintiff's Complaint because the doctrine of *res judicata* bars re-litigation of plaintiff's claims because she is collaterally attacking the validity of the existing state court judgment adjudicating the foreclosure case.[18] In this circuit, "The law of the forum that rendered the first judgment controls the res judicata analysis." *Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011).

Because the state court rendered the first judgment in the form of the Foreclosure Decree, Arkansas law controls.[19]  Under Arkansas law, res judicata applies when the following factors are met:

(1) a final judgment on the merits,

(2) entered by a court of competent jurisdiction,

---

[18] The doctrine of *res judicata*, although an affirmative defense, can be properly raised through a motion to dismiss. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012). "Indeed, [i]f an affirmative defense ... is apparent on the face of the complaint ... that [defense] can provide the basis for dismissal under Rule 12(b)(6)." *Id.* at 764 (internal quotation marks omitted) (alterations in original) (quoting *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)).

[19] **Exhibit A.**

1353920-v1

(3) between the same parties or privies, and

(4) regarding a claim that was actually raised or could have been raised in the prior action. *Dennington v. State Farm Fire and Cas. Co. and State Farm Gen. Ins. Co.*, __ S.W.3d __, No. 4:14-CV-4001, 2016 WL 1021003, at *4 (W.D. Ark. Mar. 14, 2016). Importantly, when "a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies." *Jayel Corp. v. Cochran*, 366 Ark. 175, 178, 234 S.W.3d 278, 281 (Ark. 2006) (citing *Swofford v. Stafford*, 295 Ark. 433, 748 S.W.2d 660 (Ark. 1988). "One of the main purposes of the doctrine of *res judicata* is to put an end to litigation by precluding a party who has had the opportunity for one fair trial from drawing the same controversy into issue a second time before the same or different court." *Elbeck v. Kennemore*, No. 3:02-CV-00334 SWW, 2005 WL 3797698, at *4 (E.D. Ark. July 5, 2005) (citing *Bankston v. McKenzie*, 288 Ark. 65, 702 S.W.2d 14 (Ark. 1986)).

The Foreclosure Decree entered by the Circuit Court qualifies as a final judgment on the merits under the doctrine of *res judicata*. In *Bruns Foods of Morrilton, Inc. v. Hawkins*, the Arkansas Supreme Court recognized that although the party prevailed in the previous suit by "default judgment and not by an adjudication on the merits," "with regard to the doctrine of res judicata ... a decree entered by default is as conclusive as any other judgment or decree." 328 Ark. 416, 419, 944 S.W.2d 509, 510 (Ark. 1997); *see also Williams v. Conn. Gen. Life Ins. Co.*, 26 Ark. App. 59, 62, 759 S.W.2d 815, 817 (Ark. Ct. App. 1988) ("A judgment by

default is just as binding and forceful as a judgment entered after a trial on the merits of a case. ... A defense not presented before the entry of a default decree is barred by the doctrine of *res judicata*.") (internal citations omitted). The Court in the foreclosure case entered the Foreclosure Decree on December 29, 2014. The Foreclosure Decree and the orders that followed, including the state court's denial of Plaintiff's First Motion to Set Aside Judgment are all final judgments on the merits under Arkansas law.

The Foreclosure Decree and subsequent orders in the Foreclosure Case explicitly find that Ms. Bloodman no longer holds any interest in the Property, that the sale of the Property was lawful, and that all aspects of the sale were legally proper. The crux of all the issues in this case deal directly with the Property and the Foreclosure Sale of that Property. Because the final judgments issued in the Foreclosure Case make it clear that the sale of and rights to the Property were properly executed and assigned, it is a final judgment that precludes claims relating to the sale of and rights to the Property.

The second and third prongs of the Arkansas test for *res judicata* are also satisfied. The Circuit Court of Saline County (the location of the Property) had proper jurisdiction over the Foreclosure Case. BANA was a party to the Foreclosure Case. Moreover, the additional parties named in the current case are privies of BANA. In Arkansas, privity exists "when two parties are so identified with one another that they represent the same legal right." *Cochran*, 366 Ark. 175, 178, 234 S.W.3d 278, 281 (Ark. 2006). Moreover, Arkansas courts "have never required strict

8

privity in the application of *res judicata*, but instead have supported the idea that there must be a 'substantial identity of parties' to apply the doctrine." *Crockett v. C.A.G. Inv., Inc.*, 2011 Ark. 208, 214, 381 S.W.3d 793, 799 (Ark. 2011). Finally, "[t]he true reason for holding an issue to be res judicata is not necessarily the identity or privity of the parties but is designed to put an end to litigation by preventing a party who has had one fair trial on a matter from re-litigating the matter a second time." *Wells v. Heath*, 269, Ark. 473, 479, 602 S.W.2d 665, 668 (Ark. 1980).[20]

Here, all named Defendants are privies, as they all represent the same legal right, namely, the interest in the defaulted loan and Property securing the lien that resulted in the foreclosure judgment and sale that was confirmed by the state Court. Therefore, the second and third prongs are both satisfied in the current case.

Finally, this case involves claims that were raised or could have been raised in the Foreclosure Case. Under Arkansas law, "[r]es judicata bars not only the re-litigation of claims that were actually litigated in the first suit but also those that could have been litigated." *Elder v. Mark Ford & Assocs.*, 103 Ark. App. 302, 304, 288 S.W.3d 702, 704 (Ark. Ct. App. 2008). Importantly, the *Elder* Court stated that "when a new action is based on the same events and subject matter as the previous case, and only raises new legal issues and seeks additional remedies...the present

---

[20] Arkansas Courts have found privity in many different circumstances and tend to analyze the cases individually, as opposed to a strict privity test. *See Cochran*, 234 S.W.3d 278 (Ark. 2006) (holding that an attorney-client relationship was sufficient to satisfy the privity requirement), *Francis v. Francis*, 31 S.W.3d 841 (Ark. 2000) (holding that relationship between brother and sister satisfied privity for res judicata), *Hardie v. Estate of Davis*, 848 S.W.2d 417 (Ark. 1993) (holding that relationship between testator and his remote heirs satisfied privity for *res judicata*), *Phelps v. Justiss Oil Co.*, 726 S.W.2d 662 (Ark. 1987) (holding that relationship between a landlord and tenant satisfied privity for *res judicata*).

9

case is barred by *res judicata.*" *Id.* Additionally, "[w]here a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies." *Gammon v. Ark. Hwy. & Transp. Dep't.*, No. 2:07CV00148-WRW, 2008 WL 2717148, at *3 (E.D. Ark. July 9, 2008). Indeed, the underlying facts, events, and subject matter are reliable indicators of whether the claims involved could have been litigated in the first matter, and the fact that the plaintiff now has new theories or remedies is of no consequence so long as they relate to the same events.

Plaintiff asserts fifteen causes of action in this matter.[21] However, all the causes of action ultimately relate to and revolve around the sale of the Property and the final judgment in the Foreclosure Case. For example, Ms. Bloodman's Complaint repeatedly alleges that the Defendants lacked standing to sell the Property. However, the Foreclosure Decree explicitly states that the Defendants hold title to the Property, and the Defendants could sell the Property within ten (10) days if the debt was not paid. Additionally, Ms. Bloodman alleges non-compliance with Arkansas statutory foreclosure provisions and seeks to invalidate the sale. However, the Order of Confirmation explicitly states that all aspects of the sale

---

[21] The Complaint numbers the causes of action to fourteen, however, number five is repeated, thus adding up to fifteen total causes of action: (1) Standing; (2) Non-Compliance with Arkansas Statutory Foreclosure Provisions; (3) Breach of Contract; (4) Breach of Duty of Good Faith and Fair Dealing; (5) Quiet Title Remove Could on Title; (6) Invalidated Mortgage and Note; (7) No Notice of Default; (8) Unclean Hands; (9) Violation of 15 U.S.C. § 1692 et. seq.; (10) Abuse of Process; (11) Violation of Federal Truth in Lending Act, 15 U.S.C. § 1641; (12) Lack of Default; (13) Unauthentic and Unauthorized Signatures; (14) BANA Is not Holder in Due Course; and (15) BANA is Not the Noteholder. The aim of each cause of action is ultimately the invalidation of the state judgment.

were legally proper. [22]  Ms. Bloodman's claims, therefore, are barred because they attack issues that have already been decided in the Foreclosure Case.  Indeed, Ms. Bloodman is attempting to re-litigate the same issues after receiving multiple, adverse rulings both at the trial level and on appeal.  Moreover, even if Ms. Bloodman could raise a new theory or remedy in the current case, the claims would still be barred by the doctrine of *res judicata* because any new theory still involves the events and subject matter and could have been raised in the Foreclosure Case. *See Cheney v. Countrywide Home Loans, Inc.*, No. 5:05-CV-00259-JMM, 2005 WL 2674965, at *1 (E.D. Ark. Oct. 20, 2005) (granting the defendant's motion to dismiss on the basis of *res judicata* because the plaintiff failed to litigate the issues in the foreclosure proceedings).

## B. Plaintiff's Complaint is Barred by the Doctrine of Collateral Estoppel.

At a minimum, Plaintiff's claims are barred by the doctrine of collateral estoppel because Ms. Bloodman seeks to re-litigate the precise question already decided—entitlement to foreclose upon the Property.  Collateral estoppel, or issue preclusion, bars the re-litigation of issues of fact or law that were actually litigated and decided in a prior suit. *Powell v. Lane*, 375 Ark. 178, 181, 289 S.W.3d 440, 444 (Ark. 2008).  In Arkansas, "[c]ollateral estoppel requires four elements before a determination is conclusive in a subsequent proceeding: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a

---

[22] Order of Confirmation, pg. 1, attached as **Exhibit 8.**

valid and final judgment; and (4) the *determination must have been essential to the judgment. Id.* (emphasis added) (citing *State Office of Child Support Enforcement v. Willis*, 59 S.W.3d 438 (Ark. 2001). Unlike *res judicata*, collateral estoppel is not limited to actions between the same parties and their privies. *See Roberts v. Unimin Corp.*, No. 1:15CV00071 JLH, 2015 WL 8731632, at *7 (E.D. Ark. Dec. 11, 2015). Thus, even if Defendants are not in privity with the prior litigant, BANA, Plaintiff's attempts to re-litigate the same ultimate issues is barred by collateral estoppel.

Here, the issues that are precluded are the rights to the Property and the validity of the foreclosure sale. The Foreclosure Case has already determined both of those issues in the Decree and the Order of Confirmation. Those determinations were affirmed on appeal. These are precisely the underlying issues upon which all fifteen (15) causes of action in the current case rest.

The second prong of the collateral estoppel test is also satisfied because default judgments satisfy the meaning of "actually litigated" in the context of collateral estoppel. Indeed, the Arkansas Supreme Court, when applying collateral estoppel to a default judgment, stated, "[i]n the context of collateral estoppel, 'actually litigated' means that the issue was raised in pleadings, or otherwise, that the defendant had a full and fair opportunity to be heard, and that a decision was rendered on the issue." *Powell*, 289 S.W.3d at 445. Thus, the fact that plaintiff did not appear before the first Decree is inconsequential.

12

The third and fourth prongs of the test are also satisfied because the Decree and Order of Confirmation were rendered by a court with proper jurisdiction over the matter—the Circuit Court of Saline County is clearly competent to render a judgment involving the foreclosure of a lien against real property located within that county.  Moreover, the determinations of the issues of property rights and validity of the sale were essential to both the Decree and Order—a valid foreclosure judgment is dependent upon both a valid interest in the property and standing to exercise the power of sale contained in the Deed of Trust.

Thus, even if this Court found that *res judicata* does not fully resolve the claims in this case, the doctrine of collateral estoppel should apply to each remaining count.  Ultimately, the issues that form the basis for all of Ms. Bloodman's causes of action in this case, namely, the rights to and sale of the Property, have already been finally decided by the state court in the Foreclosure Case.

## V.    CONCLUSION

Ms. Bloodman is attempting to re-litigate issues of law that have already been decided by a competent state court judgment.  Ms. Bloodman's filing of this Complaint represents a fourth[23] bite at the same legal apple and is a bald attack on a valid judgment.   Thus, it presents a clear application of the doctrines of *res judicata* and/or collateral estoppel.  Defendants request that this Court dismiss

---

[23] Ms. Bloodman already moved to set aside the Foreclosure Decree, followed by an unsuccessful appeal, and then by a series of Post-Judgment Motions attempting to invalidate the foreclosure on almost verbatim legal theories as those asserted in this action.  Thus, this is her fourth attempt to secure the same relief.

Plaintiff's Complaint, with prejudice, because it is barred by the doctrines of *res judicata* and/or collateral estoppel.

Respectfully submitted,

WRIGHT LINDSEY & JENNINGS LLP
200 West Capital Ave., Suite 2300
Little Rock, Arkansas 72201
jhenry@wlj.com
Telephone: (501) 371-0808
Facsimile: (501) 376-9442

By:  /s/ Judy Simmons Henry
    Judy Simmons Henry (84069)

*Attorneys for Defendants Bank of America, N.A., and Countrywide Home Loans, Inc.*

*and*

/s/  Blake B. Goodsell
Blake B. Goodsell
Mary Clay W. Morgan
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
bgoodsell@bradley.com
mmorgan@bradley.com
Telephone: (205) 521-8810
Facsimile: (205) 521-6810

*Attorneys for Defendants Bank of America, N.A., Carrington Mortgage Services, LLC, Mortgage Electronic Registration Systems, Inc., and Countrywide Home Loans, Inc.*

1353920-v1

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2016, I served a copy of the foregoing via the Court's electronic case filing system to all registered participants including the following:

Teresa Bloodman
P.O. Box 13641
Maumelle, AR 72113
(870) 550-1940
teresabloodman@yahoo.com
*Plaintiff Pro Se*

Phil Campbell
3700 Cantrell Road, Suite 205
Little Rock, AR 72202
(501) 374-0200
pcampbell@fc-lawyers.com
*Attorney for One Bank and Trust, N.A.*

/s/ Judy Simmons Henry
Judy Simmons Henry