**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**TERESA BLOODMAN**                                                                                    **PLAINTIFF**

v.                                       **CASE NO. 4:16-CV-00773 BSM**

**BANK OF AMERICA, N.A.;**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**
a subsidiary of **MERSCORP, INC.,** as Nominee and Mortgagee for
One Bank and Trust, an Arkansas Corporation;
**COUNTRYWIDE HOME LOANS; ONE BANK AND TRUST,**
an Arkansas Corporation, **CARRINGTON MORTGAGE**
**SERVICES, LLC**                                                                                    **DEFENDANTS**

## ORDER

On July 15, 2014, Bank of America filed a complaint for reformation and foreclosure against Teresa Bloodman in state court. *See Bank of America, N.A. v. Teresa Bloodman, et al.*, No. 63CV-14-415 Circuit Court of Saline County, Arkansas, Civil Division (July 15, 2014). The subject property is described as follows:

> Lot 6, Hurricane Lake Estates, Phase IV, An Addition to the City of Benton, Saline County, Arkansas, Together with Ingress and Egress Easements As Set Forth on Plat Filed as Document No. 04 97943; Correction Plat Filed as Document No. 04 103235, Records of Saline County, Arkansas.

The state court entered a decree of foreclosure in favor of Bank of America and closed the case on December 29, 2014. That decree stated that any interest Bloodman had in the property is "forever barred and foreclosed." *Id.* Bloodman moved to set aside the judgment on January 12, 2015, and that motion was denied on March 13, 2015. Bloodman unsuccessfully appealed to the Arkansas Court of Appeals. She moved to set aside the commissioner's sale on September 19, 2016. An order confirming the sale was nonetheless

entered on September 20, 2016.  Bloodman removed that case to federal court, and it was remanded back to state court pursuant to the *Rooker-Feldman* doctrine.  *Bloodman v. Bank of America, N.A., et al.*, No. 4:17-CV-00112 KGB (E.D. Ark. Mar. 1, 2017), ECF No. 23.

Bloodman asserts a plethora of claims aimed at regaining rights to the property foreclosed upon.  *See* Complaint for Declaratory Judgment, Breach of Contract, Breach of Duty of Good Faith, Quiet Title, and for Damages, Doc. No. 2, at 2, 27.  Bloodman asserts, among other things, that she is entitled to the property because she was not given proper notice related to the foreclosure proceedings.  *Id.* ¶¶ 55, 71, 80.

The *Rooker-Feldman* doctrine states that federal district courts lack subject matter jurisdiction over challenges to state court decisions.  *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir. 1995).  "In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling."  *Id.*  The Circuit Court of Saline County, Arkansas issued a decision severing all of Bloodman's interest in the Hurricane Lakes property, and Bloodman's claims in this case are "inextricably intertwined" with that state court judgment.  *See Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).  Thus, her attempt to challenge that decision in federal court amounts to an impermissible "collateral attack in federal district court on a state foreclosure judgment."  *Id.*  Accordingly, this case is remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED this 18th day of July 2017.

                                                                                                                          */s/ Brian S. Miller*
                                                                                       UNITED STATES DISTRICT JUDGE